<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

January 5, 2021

Jay V. Surgent, Esq.
Weiner Law Group LLP
629 Parsippany Road
P.O. Box 438
Parsippany, NJ 07054
*Counsel for Defendant*

Jordan Milowe Anger, Esq.
Jose Almonte, Esq.
Mary Elissa Toscano, Esq.
Barbara Ward, Esq.
Office of the United States Attorney
970 Broad Street
Newark, NJ 07102
*Counsel for the United States of America*

### **LETTER OPINION FILED WITH THE CLERK OF THE COURT**

Re: *United States v. Mata*
**Criminal Action No. 15-153 (SDW)**

Counsel:

This Court is in receipt of a letter request from Defendant Ralph E. Mata ("Defendant"), which effectively seeks reconsideration of this Court's November 9, 2020 Letter Opinion ("Prior Opinion") and Order denying his Motion for Compassionate Release under the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A), and alternative application for home confinement pursuant to 18 U.S.C. § 3624(c). This Court, having considered the parties' submissions, and for the reasons discussed below and in its Prior Opinion, denies Defendant's request for reconsideration.[1]

In support of his request, counsel for Defendant submitted two letters to this Court, including one from Defendant's wife, Ms. Cindy Viers-Mata, dated November 4, 2020, and another from Defendant's sister, Dr. Susan Mata, containing Internet attachments dated November 9, 2020. In addition, Defendant's counsel submitted a report listing the total number of inmates

---

[1] The Court writes primarily for the parties and incorporates the procedural history and reasons for denying Defendant's Motion for Compassionate Release (D.E. 40) as set forth in its Prior Opinion. (*See* D.E. 42.)

1

and staff testing positive for COVID-19 as of November 12, 2020, at FCI Jesup where he is currently serving his sentence.[2] The Government opposed Defendant's request. (D.E. 44.)

For the same reasons stated in this Court's Prior Opinion, Defendant has not established any "compelling and extraordinary reason" to justify his release as required by the FSA. *See United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); (*see generally* D.E. 42.) The submission from Defendant's wife predates this Court's Prior Opinion and contains no new basis for his release. Although Dr. Susan Mata's submission raises Defendant's skin rash and genital herpes for the first time,[3] these conditions, particularly when treated as in the present case, do not warrant release. *See United States v. Sanders*, Crim. No. 17-11, 2020 WL 6290162, at *4 (E.D. Tex. Oct. 27, 2020) (noting that defendant's herpes infection appeared to be well-managed and did not "impact[] his prison stay or . . . render[] him more susceptible to COVID-19."); *United States v. Jones*, Crim. No. 12-79-16, 2020 WL 4004217, at *2 (E.D. Ky. July 15, 2020) (finding that defendant failed to establish an extraordinary and compelling reason for release notwithstanding his chronic skin condition combined with the COVID-19 pandemic). Indeed, Defendant's medical records reflect that he has received medication to treat both his skin rash and genital herpes flare-up. (*See* D.E. 44 at 19–20 (citing D.E. 45 at 1–2, 6, 8–9, 13–14, 18–19, 21–24, 41–42.).) Furthermore, the Centers for Disease Control and Prevention ("CDC") does not include skin rashes or any form of herpes on its list of health conditions that increase the risk of serious illness from the virus that causes COVID-19. CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Jan. 4, 2021.).

Finally, as indicated in this Court's Prior Opinion, although inmates and staff have tested positive for COVID-19 at FCI Jesup, this fact alone does not warrant release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").[4]

Accordingly, for the reasons stated above and in this Court's Prior Opinion, Defendant's release is not warranted under the FSA. Defendant's request for reconsideration of this Court's Prior Opinion and Order denying his Motion for Compassionate Release under the FSA, and alternative application for home confinement, is **DENIED**. An appropriate order follows.

                                                                                                                          /s/ Susan D. Wigenton
                                                                                                                          **SUSAN D. WIGENTON, U.S.D.J.**

---

[2] Defendant's letter request for reconsideration and documents submitted in support thereof were not filed on the CM/ECF by counsel. Accordingly, as directed in this Court's corresponding Order, Defendant must file all documents transmitted to this Court on the CM/ECF.

[3] Dr. Mata's submission contains attachments of Internet pages with images of various skin conditions. However, none of these images purport to depict the Defendant's skin, and Defendant has not been physically examined by Dr. Mata. (*See* D.E. 44 at 19, n.13.)

[4] Moreover, even if a second COVID-19 outbreak occurred at FCI Jesup, the Court notes that as of January 4, 2021, the Federal Bureau of Prisons reported that the facility had 2 inmates and 19 staff test positive for COVID-19. Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/. (last accessed Jan. 4, 2021.).

Orig: Clerk
cc: Parties

3